UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ALBERTO SAEZ GONZALEZ,

Petitioner,

v. Case No.: 2:26-cv-01809-SPC-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH *et al*,

Respondents,
_________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Carlos Alberto Saez Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Saez Gonzalez is a native of Cuba who entered the United States on June 16, 1988. On April 17, 2008, he was convicted and an immigration judge ordered him removed. After his release from prison on November 13, 2012, Immigration and Customs Enforcement ("ICE") took him into custody. ICE released him under an order of supervision on February 13, 2013. Saez Gonzalez attempted to self-deport on April 10, 2026, but the Cuban government turned him away at the airport in Havana. Upon his return to the United States, ICE revoked the order of supervision and detained him. On April 16, 2026, ICE notified Saez Gonzalez of its intent to remove him to Mexico, and Saez Gonzalez states he is willing to cooperate, but he remains

detained. Saez Gonzalez argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Saez Gonzalez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba turned him away earlier this year, and ICE has not attempted removal to Mexico despite Saez Gonzalez's willingness to cooperate. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Saez Gonzalez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Saez Gonzalez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Carlos Alberto Saez Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Saez Gonzalez poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Saez Gonzalez may file a reply within three days of the supplemental response.
4. Because ICE recently transferred Saez Gonzalez to a different detention facility and does not forward legal mail to detainees after transferring them, the government must certify it has served him with this order within three days.

**DONE AND ORDERED** in Fort Myers, Florida on October 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record